IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MORALES, JR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | 10-5117 |
| | : | |
| BERKS COUNTY PRISON, | : | |
| Defendant. | : | |
| | : | |

Goldberg, J.                                                                                            July 13, 2011

**MEMORANDUM OPINION**

Plaintiff, David Morales, Jr., proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 (hereinafter "§ 1983") against Defendant, Berks County Prison.  Plaintiff alleges that he was denied proper medical treatment and that prison officials retaliated against him for filing grievances while incarcerated.

Before the Court is Defendant's motion to dismiss.  For the following reasons, I will grant Defendant's motion.

**I.       FACTUAL AND PROCEDURAL HISTORY**

The following facts, viewed in a light most favorable to Plaintiff, were taken from Plaintiff's complaint.[1]  On February 10, 2010, Plaintiff suffered a hernia while incarcerated at the Berks County Correctional Facility.  Although Plaintiff alleges he was seen by a prison doctor who confirmed the hernia and understood that he was in considerable pain, Plaintiff claims that the prison did not believe surgery was necessary.  On June 30, 2010, Plaintiff filed a prison grievance form explaining

_____

[1]  I note that Plaintiff's complaint is a fill in the blank form with various attachments.

that his condition had worsened and requesting surgery.  On July 7, 2010, the form was processed

and Plaintiff was reminded that he had been instructed by the medical staff on how to "manage his

situation" and that the procedure he desired was "elective," and therefore, would not be authorized.

(Compl., pp. 3-4; Inmate Grievance Form, 6/30/2010, attached to Compl.; Mot. to Cont., p. 1.)

Plaintiff filed a second inmate grievance form on August 16, 2010, alleging that "some

nurse's negligence" had caused him to receive a different medication than he was prescribed over

the course of the past two weeks.  This grievance was denied and Plaintiff was informed he had only

been receiving the medication he was prescribed.  (Inmate Grievance Form, 8/16/2010, attached to

Compl.)

On September 6, 2010, Plaintiff made a "sick call request," explaining that his condition had

worsened.  He was triaged that same day and informed that he should discuss his concerns with a

prison doctor at an upcoming appointment.  Thereafter, on September 15, 2010, Plaintiff was seen

by a prison doctor, and again his request for an elective operation was denied.  On September 17,

2010, Plaintiff contends he was given a depressant.  (Sick Call Request, attached to Compl.; To

Whom It May Concern, p. 1., attached to Compl.)

Proceeding in forma pauperis, Plaintiff filed his complaint on November 10, 2010.

Defendant filed its motion to dismiss on January 7, 2011, and on January 13, 2011, Plaintiff filed

his "motion to continue," which I have construed as his response to the motion to dismiss.

II.    **STANDARD OF REVIEW**

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint

as true and construe them in the light most favorable to the plaintiff.  Semerenko v. Cendant Corp.,

223 F.3d 165, 173 (3d Cir. 2000).  A court may dismiss a complaint only if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations.  Hishon

v. King & Spalding, 467 U.S. 69, 73 (1984).  However, a plaintiff must provide more than a

formulaic recitation of a claim's elements that amounts to mere labels and conclusions.  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint's "factual allegations must be enough

to raise a right to relief above the speculative level."  Id.  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S.

at 570).

On a motion to dismiss, a pro se complaint is held to a less stringent standard than a formal

pleading drafted by lawyers, and it should be dismissed only if it appears "beyond a doubt that the

plaintiff can prove no set of facts in support of [their] claim."  Olaniyi v. Alex Cab Co., 239

Fed.Appx. 698, 699 (3d Cir. 2007) (citing McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d

Cir. 1996)).

### III.    DISCUSSION

As discussed below in further detail, Plaintiff has not properly alleged municipal liability

because he has not alleged that his constitutional injuries were the result of a government policy or

procedure.  Moreover, Plaintiff has only sued the Berks County Prison and not individual employees

of the prison or medical staff, some of whom are not even identified by Plaintiff.  Because Plaintiff

is proceeding pro se, I will assume for his benefit that he is also raising claims against the prison's

medical staff and I will address those claims.  As required, I will also consider whether Plaintiff

should be given an opportunity to amend his complaint.  Reeves v. Lapin, 373 Fed.Appx. 143, 144

(3d Cir. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008)("District

courts must permit a curative amendment before dismissing a complaint unless amendment would be inequitable or futile.").)

Pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate that his or her federal constitutional or statutory rights were violated by a person acting under the color of state law. See Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Plaintiff appears to claim that: (1) he was deprived of his Eighth Amendment right to receive proper medical treatment, and (2) his First Amendment rights were violated when prison officials retaliated against him for filing grievances.

A.    **Municipal Liability**

As an initial matter, Defendant argues that Plaintiff has not alleged municipal liability. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." See Monell v. New York Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff brings this claim against Berks County Prison and is therefore required to allege that he was injured as a result of "the execution of a government's policy or custom." Id. However, Plaintiff does not allege a policy or custom, such as the denial of proper medical treatment due to cost containment policies. It is also well established that a plaintiff may not rely on the theory of respondeat superior under § 1983. See id. at 691. Plaintiff has not alleged that a policy implemented by Defendant caused him a constitutional injury and therefore, has not stated a claim for which relief can be granted.

B.    **Eighth Amendment Claim for Denial of Proper Medical Treatment**

Plaintiff has also not stated a plausible claim under the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty upon prison officials to

provide prisoners with humane conditions of confinement, including adequate medical treatment.[2]

See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); Wood v. City of Lancaster, No. 06-3033,

2009 WL 80306, at *15 (E.D. Pa. Jan. 13, 2009).  A prison official's medical treatment of a prisoner,

or lack thereof, will only give rise to a constitutional violation where: (1) the prisoner is suffering

from "a serious medical need[;]" and (2) the prison official's acts or omissions constitute "deliberate

indifference" to that need.  See Montgomery v. Pinchak, 294 F.3d 494, 499 (3d Cir. 2002).

Where a plaintiff has received some type of medical care, "inadequacy or impropriety of the

care that was not given will not support an Eighth Amendment claim." Norris v. Frame, 585 F.2d

1183, 1186 (3d Cir. 1978).  Even though a medical condition may require surgery, if the need for that

surgery "does not appear to be acute, and the surgery is 'elective,' it is unlikely that a constitutional

violation has occurred." Hussmann v. Knauer, No. 04-2776, 2005 WL 435231, at *3 (E.D. Pa. Feb.

23, 2005) (citation omitted).

The central issue here is deliberate indifference.[3]  A prison official acts with deliberate

indifference if he or she "knows of and disregards an excessive risk to inmate health and safety."

Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v.

Brennan, 511 U.S. 825, 837 (1994)).  This is a subjective standard of liability, consistent with

"recklessness as the term is defined in criminal law." Nicini v. Morra, 212 F.3d 798, 811 (3d Cir.

---

[2]  The rights afforded by the Eighth Amendment apply to the states through the
Fourteenth Amendment, Due Process Clause.  Hutto v. Finney, 437 U.S. 678, 685 (1978).

[3]  Plaintiff alleges that he is in "excruciating pain" and that he has "difficulty . . . walking"
and "cannot walk normally" as a result of his injury.  A medical condition "which threatens a
plaintiff's ability to walk, even on a non-permanent basis, falls within the ambit of a serious
medical need." Taylor v. Plousis, 101 F.Supp.2d 255, 262 (D.N.J. 2000).  In light of this
standard, we have no difficulty concluding that Plaintiff has alleged that his injury is sufficiently
serious. (Compl., p. 3; Inmate Grievance Form 7/12/2010; Mot. to Cont., p. 2.)

2000). Thus, the official must both be "aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and . . . draw the inference." Farmer, 511 U.S. at 837.

The Court of Appeals for the Third Circuit has recognized that deliberate indifference may exist in a variety of circumstances, including where a prison official: (1) denies a prisoner's reasonable requests for treatment, and "such denial exposes [him or her] 'to undue suffering or the threat of tangible residual injury[;']" (2) knows of a prisoner's need for treatment but refuses to provide it; (3) delays necessary medical treatment for non-medical reasons; (4) prevents a prisoner from receiving needed or recommended medical care; or (5) persists in a course of treatment which results in continued pain and the risk of permanent injury. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citation omitted); Durmer v. O'Carroll, 991 F.2d 64, 67-69 (3d Cir. 1993); see also Rouse, 182 F.3d at 197 (collecting cases).

Plaintiff contends that he did not receive "any medical treatment," and that the only proper treatment for his hernia was a surgical procedure. However, Plaintiff admits that he was "examined" by a prison doctor and was "told" he had a hernia. The attachments to Plaintiff's complaint demonstrate that he did, in fact, receive medical care on several occasions, including an initial diagnosis in February of 2010, a triage visit on September 6, 2010 and a separate doctor's appointment on September 15, 2010. (Compl., pp. 2-3; Sick Call Request, attached to Compl.; To Whom It May Concern, attached to Compl.)

Plaintiff has not alleged that any member of the prison medical staff intentionally ignored his hernia. Rather, the prison medical staff concluded that Plaintiff's requested surgery was "elective," and treated Plaintiff's condition non-surgically. Plaintiff's allegations reflect that each of his grievances were addressed, he continued to receive medication, and that he was issued instructions

on how to care for his hernia.  (Inmate Grievance Forms, 6/30/2010 & 8/16/2010, attached to Compl.)

Further, despite the fact that Plaintiff may have been in serious pain, he has simply not alleged that his injury was so severe and apparent that the medical staff's failure to approve surgery amounted to deliberate indifference.  For example, in Hussmann, an inmate requested surgery for a hernia.  Hussmann, 2005 WL 435231, at *5.  Although the inmate alleged he was experiencing "increased pain," the prison physician decided not to operate on inmate's hernia because the surgery was not "medically necessary" at the time.  Id. at *2.  The court held that the physician's decision not to operate did not rise to the level of deliberate indifference because the procedure was not medically necessary and the prison medical staff continued to provide the plaintiff with medical treatment.  Id. at *5.  See also Winslow v. Prison Health Servs., 406 Fed.Appx. 671, 675 (3d Cir. 2011) (holding that prison doctor's decision not to operate on inmate's hernia did not rise to the level of deliberate indifference because medical staff continued to treat the plaintiff with a more conservative treatment).

Here, "[t]he facts as [Plaintiff] himself describes them simply do not amount to the . . . examples of 'deny[ing] reasonable requests for medical treatment . . . expos[ing] the inmate to undue suffering' or 'knowledge of the need for  medical care' coupled with an 'intentional refusal to provide that care.'"  Spruill, 372 F.3d at 237 (quoting Lanzaro, 834 F.2d at 346).  Plaintiff's requested surgery was elective and he continued to receive medical care after his request for surgery was denied.

It is also well established that insufficient medical treatment claims under § 1983 "must be denied where the medical treatment provided by officials simply fails to comport with an inmate's

specific requests for treatment because such 'complaints merely reflect a disagreement with doctors over the proper medical means of treatment.'" Haberstick v. Nesbitt, No. 97-6523, 1998 WL 472447, at *3 (E.D. Pa. July 29, 1998) (quoting Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987)); see, e.g., White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990); Williams v. Sebek, No. 05-1203, 2008 WL 859006, at *10 (W.D. Pa. Mar. 31, 2008). Thus, to the extent Plaintiff disagrees with or disputes the treatment he received, he has not stated an actionable Eighth Amendment violation.[4]

Taking all of Plaintiff's allegations as true, the facts alleged do not support an Eighth Amendment claim for deliberate indifference.

### C.      First Amendment Retaliation Claim

Plaintiff also has not stated a plausible claim for relief under the First Amendment. The First Amendment "prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." Hartman v. Moore, 547 U.S. 250, 256 (2006). An inmate alleging a First Amendment retaliation claim must show: "(1) he engaged in constitutionally protected conduct, (2) prison officials took an adverse action against him sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal citations and quotations omitted). Further, because prisoner retaliation

---

[4] As in the case sub judice, where an inmate's prospective surgery is elective and the need for it does not appear to be acute, it is unlikely that a constitutional violation has occurred when, in their best medical judgment, physicians do not authorize the surgery. Hussmann, 2005 WL 435231, at *3. When disputes arise over the adequacy (or lack thereof) of medical treatments in the prison setting, federal courts are generally reluctant to second guess a physician's medical judgment. Thomas v. Zinkel, 155 F.Supp.2d 408, 411 (E.D. Pa. 2001).

claims are easily fabricated, they must be viewed with skepticism.  Miskovitch v. Hostoffer, 721

F.Supp.2d 389, 396 (W.D. Pa. 2010); Sims v. Dragovich, No. 95-6753, 1999 WL 371621, at *3

(E.D. Pa. June 8, 1999).

Plaintiff alleges that a medication mix-up caused him to suffer headaches, stomachaches, a

pins and needles sensation, and mood swings.  Plaintiff describes this purported mix-up as the result

of "some nurse's negligence" and "an issue of medical malpractice or incompetence."[5]   Plaintiff

then contends, however, that he was given the wrong medication by prison medical staff in

retaliation for filing prison grievances relating to the denial of his surgery.  (Inmate Grievance Form,

8/16/2010, attached to Compl.; To Whom It May Concern, p. 1, attached to Compl.)

Taking Plaintiff's factual allegations as true, the first and third elements of a First

Amendment retaliation claim are satisfied here.  Plaintiff's grievances were constitutionally

protected actions.  See Harris v. Terhune, 45 Fed.Appx. 95, 97 (3d Cir. 2002) (holding that the

government may not retaliate against an inmate for exercising his constitutionally protected right to

file a grievance).  Further, Plaintiff's use of the word "retaliation" in his complaint sufficiently

implies a causal connection between his grievances and the allegedly adverse action taken against

him.  Mitchell, 318 F.3d at 530.

However, Plaintiff has not successfully alleged an adverse action that would deter a person

of ordinary firmness from exercising their constitutionally protected rights.  Initially, Plaintiff was

not even aware that his medication had been switched until he was allegedly informed of this fact

---

[5]  To the extent Plaintiff relies on medical malpractice or negligence as the basis of his
First Amendment retaliation claim, his attempt fails outright.  See Estelle v. Gamble, 429 U.S.
97, 106 (1976) (holding negligent treatment or diagnosis of a prisoner, without more, does not
give rise to a constitutional violation).

by a nurse approximately two weeks after the purported switch took place.  While Plaintiff claims

this medication switch was done in retaliation, he has not alleged that it deterred him from exercising

his constitutionally protected rights.  We note that after Plaintiff was informed that his medication

had allegedly been altered, he continued to file grievances, request medical treatment, and ultimately,

filed this action.  (To Whom it May Concern, p. 2, attached to Compl.)  Cf. Smith v. Yarrow, 78

Fed.Appx. 529 (6th Cir. 2003) (holding that plaintiff was not deterred from exercising his

constitutional rights where he brought a § 1983 action); Washington v. Early, No. 03-5263, 2008 WL

795603, at *11 (E.D. Cal. Mar. 24, 2008) (holding that plaintiff had not alleged facts demonstrating

his constitutional rights were chilled where he continued to file grievances and filed a § 1983 claim).

Plaintiff has not plausibly stated that he was deterred from exercising his constitutional

rights, and therefore, this claim must be dismissed.

### D.    Amendment Would Be Futile

It is well established that "when a [p]laintiff does not seek leave to amend a deficient

complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave

to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson

v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, amendment would be futile as the documents and medical records attached to the

complaint demonstrate that Plaintiff has received medical treatment, but is dissatisfied with that care.

See Hussmann, 2005 WL 435231, at *6 (holding that medical records attached to pro se prisoner's

complaint alleging prison medical staff's deliberate indifference to his hernia demonstrated that any

amendment of the plaintiff's complaint would be futile).  Moreover, the medical records and other

statements attached to the complaint demonstrate that no amendment would cure Plaintiff's failure

to allege deliberate indifference as the evidence demonstrates that Plaintiff did receive medical treatment for his hernia and continued to receive treatment upon request.  Further, as discussed supra, given the futility of Plaintiff's underlying constitutional claims, any amendment to his derivative Monell claim is also futile.

### IV.    CONCLUSION

Because Plaintiff has failed to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6), the above-captioned action will be dismissed.

An appropriate Order follows.